UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

METRO SUN CONSULTANT
CORP., ANTOINE TAYLOR
and ROBERT DEANE,

    Plaintiff,

v.

BAYVIEW TITLE AGENCY LLC,
CENTURY 21 METRO BROKERS,
and ROBERT L. GARROW,

    Defendants.
_____/

Case No. 18-CV-13054

HON. GEORGE CARAM STEEH

## ORDER GRANTING DEFENDANTS'
## MOTION TO SET ASIDE DEFAULT [ECF NO. 18]

Plaintiffs Metro Sun Consultant Corp. ("Metro Sun"), Antoine Taylor and Robert Deane filed their complaint in this court on September 28, 2018. Plaintiffs sent the summons and complaint by certified mail to defendants Bayview Title Agency LLC ("Bayview"), Century 21 Metro Brokers ("Century 21"), and Robert Garrow on October 4, 2018. Defendants refused service in this manner, which was admittedly improper. Plaintiffs then retained a process server who personally served Mr. Garrow, who accepted service on behalf of himself and Century 21 on November 19, 2018. Mr. Garrow is the principal of both Bayview and

- 1 -

Century 21. Mr. Garrow accepted service on behalf of Bayview on December 11, 2018. Bayview and plaintiffs agreed that Bayview could have additional time to answer, which it did on January 18, 2019. However, Mr. Garrow and Century 21 did not file an answer or otherwise plead, and clerk's entry of default was entered against each of these defendants on December 24, 2018. (ECF NO. 13 and 14) Garrow and Century 21 filed a motion to set aside clerk's entry of default on January 30, 2019, which is presently before the court.[1]

Having carefully reviewed the parties' briefs, the court has determined that oral argument is not necessary. For the reasons set forth below, the entry of default shall be set aside.

## BACKGROUND

This case arises out of a land contract sale that ultimately did not close. Plaintiff Mr. Taylor, on behalf of Metro Sun, entered into a purchase agreement for property located in Mt. Morris, Michigan. Plaintiffs are in the business of buying and selling property. Ralph and Sandra Hughes ("sellers") owned the subject property and listed it with Century 21. Taylor paid $2,000 in earnest money to American Associates Inc., the buyer's

---

[1] Garrow and Century 21 originally filed a motion to set aside clerk's entry of default on January 18, 2019, but the court struck the motion for failure to seek concurrence from the opposing party.

agent, when the purchase agreement was executed. The closing date was extended by the parties, and an additional $10,000 in earnest money was deposited with Bayview. Two more addendums were executed extending the closing. Eventually, closing was set for November 10, 2017 at which time plaintiffs had to make an $80,000 down payment toward the purchase price of $220,000. On that day, Robert Deane wired $20,000 and Metro Sun wired $22,000 to defendants toward the purchase price. Taylor informed the sellers that the balance owed was coming from overseas and would be wired the following Monday, November 13, 2017.

However, after plaintiffs failed to close on November 10, 2017, the sellers terminated the contract and put the property back on the market on November 11, 2017. As a result, plaintiffs did not wire the remaining money for the down payment. On November 26, 2017, Taylor called Bayview Title and requested that the $42,000 down payment money be returned. Bayview Title assured Taylor the money would be returned. Meanwhile, Metro Sun and the sellers disputed whether the $12,000 earnest money deposit should be returned. On November 30, 2017, Garrow informed Taylor that he would not return the $42,000 unless Taylor signed a mutual release for the $12,000 earnest money deposit to the sellers. American Associates, Taylor's agent, also made a claim that it

was owed a commission for failure to close on the property.

On January 9, 2018, Bayview filed an interpleader action in Genesee County Circuit Court. On May 24, 2018, the parties stipulated to a consent judgment in the interpleader action. The consent judgment stated it was limited to the distribution of the funds held by Bayview and did not preclude Taylor from pursuing relief not directly related to the distribution of the funds. Plaintiffs' complaint alleges causes of action for conversion, fraud, breach of fiduciary duty and negligence.

## STANDARD OF LAW

Federal Rule of Civil Procedure 55(c) provides "[t]he court may set aside an entry of default for good cause . . . ." The Sixth Circuit has noted that a more lenient standard controls where there has been only an entry of default, and not an actual default judgment. *Shepherd Claims Serv. v. William Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986). Under Rule 55(c), the district court must consider three factors to evaluate whether to set aside a default: (1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default. *Raimondo v. Village of Armada*, 197 F. Supp. 2d 833, 837 (E.D. Mich. 2002). The court must consider all three factors, but when the first two factors weigh in favor of

setting aside the default, it is an abuse of discretion for the district court to deny the motion absent willful failure on the part of the defendant to appear and plead. *Id.* (citing *Shepard Claims Service, Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 194 (6th Cir. 1986). Moreover, "[j]udgment by default is a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983). Resolution of a case on the merits is preferable to default judgment. *Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990).

## ANALYSIS

A. <u>Prejudice to the Plaintiffs</u>

Plaintiffs acknowledge that other than delay and increased expenses, it is not apparent that they will suffer prejudice if the motion is granted. In the event the court grants defendants' motion, plaintiffs ask that the court award sanctions to cover fees and expenses incurred in counsel's preparing the application for entry of default and the brief in response to the motion to set aside default.

The court finds that the first factor weighs in favor of setting aside the default.

B. <u>Meritorious Defense</u>

Next, the court considers what defense defendants have to the allegations of the complaint. In considering whether defendants have a meritorious defense, the court must resolve all disputed facts in the light most favorable to the defendants. *INVST Financial Group, Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir.), *cert. denied*, 484 U.S. 927 (1987).

Defendants aver that they brought the interpleader action in state court instead of returning the $42,000 down payment because the sellers and American Associates were making claims that exceeded the balance of the funds held by Bayview. A second reason given for not returning the down payment without a release was that the purchase agreement was entered with Taylor on behalf of Metro Sun, but Deane paid $20,000 of the down payment. Ultimately, plaintiffs determined that interpleader was necessary to avoid risking a breach of duty to the sellers and running afoul of the various entities on the buyers' side.

While there are many issues yet to be decided, the court finds that defendants have stated a meritorious defense. Accordingly, the second factor weighs in favor of setting aside the default.

C.  Culpability of the Defendant

Having shown that there is little if any prejudice to the plaintiffs if the

default is set aside, and that defendants have a meritorious defense, the defendants' conduct will be viewed as culpable only if they display "either an intent to thwart judicial proceedings or a reckless disregard for the effect of [their] conduct on those proceedings." *Shephard Claims*, 796 F.2d at 194.

According to defendants, on November 15 or 16, 2018, Mr. Garrow was severely injured when he fell down his stairs and hit his head against the wall. (Garrow Affidavit, ¶ 20) He accepted service on behalf of himself and Century 21 a few days later, on November 19, 2018. On November 22, 2018, Garrow was hospitalized and underwent surgery to relieve pressure on his brain. *Id.* at ¶ 22. This was followed by inpatient rehabilitation. *Id.* Garrow states that his medical condition and treatment caused him to lose track of the lawsuit. *Id.* at ¶ 23.

There is nothing to the contrary that suggests to the court that defendant Garrow, on behalf of himself or Century 21, willfully defaulted by not filing a timely answer.

Plaintiffs request sanctions be awarded to cover the fees and expenses incurred in counsel's preparing the application for entry of default and the brief in response to the motion to set aside default. This request is denied. Plaintiffs chose their strategy in seeking entry of default without

first contacting defendants to inquire about their responsive pleading. Furthermore, plaintiffs chose not to concur in defendants' motion to set aside entry of default. These decisions were plaintiffs' prerogative to make, but the consequence is that they bear the cost of such decisions.

## CONCLUSION

For the reasons stated above, defendants' motion to set aside the default and permit defendants to file an answer to the complaint is GRANTED.

Defendants Mr. Garrow and Century 21 may file an answer on or before March 14, 2019.

SO ORDERED.

Dated: February 28, 2019

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 28, 2019, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk